## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LARRY D. DAVIS, SR.,

        **Plaintiff,**

    v.                                                        1:16-cv-542-WSD

CAROLYN COLVIN, Acting
Commissioner for Social Security
Administration, and KIM BROACH,
Field Office Director for Social
Security Administration,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff

Larry D. Davis, Sr.'s ("Plaintiff") Complaint [3] pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

## I.     BACKGROUND

On February 22, 2016, Plaintiff, *pro se*, filed his application for leave to

proceed *in forma pauperis* [1].  On February 25, 2016, Magistrate Judge Catherine

M. Salinas approved Plaintiff's *in forma pauperis* application, and forwarded his

Complaint to the Court for the required frivolity review pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

In his Complaint, Plaintiff purports to "bring[] this action under the public corruption statutes of the US code." (Compl. at 1). He claims that "Defendants are corrupt Federal employees who have engaged in a scheme to extort money from people applying for social security benefits by forcing them to pay unnecessary legal fees to obtain benefits they have already earned." (Id.). He further alleges that "Plaintiff has refused to allow defendants to steer him to an attorney and force him to pay unwarranted legal fees and as a result, has been denied the proper benefits he has earned." (Id.). He claims he has suffered damages of $12,000.00, and has experienced medical problems requiring approximately "$75,000.00 (including pain and suffering) to correct." (Id.).

## II.   DISCUSSION

### A.   Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

3

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.    Analysis

Plaintiff's conclusory assertion in his Complaint that Defendants are "corrupt Federal employees" fails to state a cognizable claim.  Although, for the purposes of a motion to dismiss, the Court must take all of the factual allegations in the Complaint as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678.

Construed liberally, Plaintiff's Complaint might be read as an objection to a denial of Social Security benefits.  However, Plaintiff is required first to exhaust his administrative remedies with the Social Security Administration before seeking relief in this Court.  See 42 U.S.C. § 405(g); Heckler v. Ringer, 466 U.S. 602, 627 (1984).  The Court deems that, because Plaintiff's Complaint is patently frivolous,

4

any amendment would be futile.  Accordingly, Plaintiff's Complaint fails to state a claim for relief, and is required to be dismissed.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Larry D. Davis, Sr.'s Complaint [3] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)..


**SO ORDERED** this 1st day of April, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

5